IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WAYNE M. LANCASTER,

    Plaintiff,

v.                                                                 CASE NO. 1:18-cv-98-MW-GRJ

REVERSE MORTGAGE
FUNDING LLC, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff initiated this case by filing ECF No. 1, a *pro se* civil complaint. Plaintiff was granted leave to proceed as a pauper. ECF No. 5.

    Upon an initial screening of Plaintiff's breach-of-contract complaint, the Court determined that Plaintiff failed to adequately plead diversity of citizenship or that the amount in controversy exceeds $75,000, so the Court could not determine whether it has subject matter jurisdiction over his claim. The Court, therefore, ordered Plaintiff to file an amended complaint establishing diversity jurisdiction on or before June 26, 2018.

    As the Court pointed out in the order to show cause, where, as here, a party is a limited liability company, the limited liability company is a citizen of any state in which a member of the company is a citizen.

*Page 2 of 3*

Because Plaintiff only alleged that Reverse Mortgage Funding LLC has headquarters and a principal place of business in New Jersey, that allegation is insufficient to allege citizenship for Reverse Mortgage.

The other Defendant is a Florida law firm operating as a limited liability partnership. As such, for purposes of determining citizenship of the law firm, Plaintiff was required to allege the citizenship of each of its partners, whether limited or general. Plaintiff again failed to do so.

Lastly, as the Court pointed out in the show cause order, Plaintiff's claim for damages of $18,600.33 falls far below the requisite $75,000 threshold for diversity purposes.

The Court warned Plaintiff that failure to file an amended complaint in the allotted time will result in a recommendation to the district judge that this case be dismissed without further notice for lack of subject matter jurisdiction, failure to prosecute, and failure to comply with an order of this Court. ECF No. 5.

As of the date of this report and recommendation, Plaintiff has not complied with the Court order by failing to file an amended complaint that adequately pleads the diversity of citizenship between all parties and

adequately establishes that the amount in controversy exceeds $75,000.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction, failure to prosecute, and failure to comply with an order of the Court.

**IN CHAMBERS** this 29th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**